### HIRAM SLOCUM v. ARTHUR G. SEYMOUR.

1. A sale of standing timber, by the owner of the freehold, is not a sale of a chattel interest, but of an interest in lands, and is not controlled by the doctrine of warranty of title in sales of personal property.
2. In no sense can trees, the natural and permanent growth of the soil, be regarded as partaking of the character of emblements or *fructus industriales*, but are a part of the inheritance, and can only become personalty by actual severance, or by a severance in contemplation of law, as the effect of a proper instrument of writing.
3. When a contract comprehends an interest in trees standing, with a right in the vendee to sever them, the subject matter is then an interest in land within the statute of frauds.

---

Error to the Circuit Court of the county of Bergen.

Slocum v. Seymour.

Argued at November Term, 1872, before BEASLEY, Chief Justice, and Justices BEDLE, DALRIMPLE and SCUDDER.

For the plaintiff in error, *C. H. Voorhis.*

For the defendant, *E. A. S. Man.*

The opinion of the court was delivered by.

BEDLE, J.   Slocum conveyed to Seymour by an ordinary deed of conveyance dated December 20th, 1860, all the wood and timber upon a certain tract of land, with the right, in the vendee, to cut and remove the same before July 1st, 1862. The deed described the tract by metes and bounds, and as the same premises conveyed to Slocum by Abram W. Haring and wife, by deed of even date with the deed to Seymour. The title of Slocum to a part of the tract proved defective, and this suit is brought upon an alleged implied covenant of title in the plaintiff's (Seymour's) deed.   There is no express covenant of title, but there is a covenant against the acts of the grantor.   The charge was based upon the assumption that the parties had treated this as a sale of personal property, and that a warranty of title would be implied by the law. Although there is great diversity in the cases, whether a sale of standing timber by the owner of the freehold is of a chattel interest, I am satisfied that such a sale is of an interest in lands, and not controlled by the doctrine of warranty of title in sales of personal property.   In no sense can trees, the natural and permanent growth of the soil, be regarded as partaking of the character of emblements, or *fructus industriales,* but are a part of the inheritance, and can only become personalty by actual severance, or by a severance in contemplation of law as the effect of a proper instrument of writing. It may be conceded, and such is the law, as in the case of *Smith* v. *Surman,* 9 *B. & C.* 561, that there may be a valid parol contract for the sale of timber as a chattel where it is to be cut and delivered by the vendor, although designated as being upon certain land, and where the contract contemplates

no property to the vendee in the trees until after they are actually cut down and reduced to chattels ; yet, where the sale is of an interest in the trees standing, without having been in legal effect severed by the force of a previous written instrument, and although the American cases differ upon the subject, the best considered of them, and those which I think declare the law, hold that such a sale is of an interest in lands, within the meaning of the statute of frauds. *Green* v. *Armstrong,* 1 *Denio* 551 ; *Buck* v. *Pickwell,* 27 *Vt.* 158 ; *Putney* v. *Day,* 6 *N. H.* 430 ; *Olmsted* v. *Niles,* 7 *N. H.* 522.

This also is a fair result of the English cases, although to some extent conflicting. The duly adverse ruling in point in England is in *Lord Raymond* 182, where it is stated that Treby, C. J., reported to the other justices that on a question before him at *nisi prius,* whether the sale of timber growing ought to be in writing by the statute of frauds, or might be by parol ; he was of opinion, and ruled accordingly, that it might be by parol, because it was a bare chattel. The report also states, and Powell, J., agreed to this opinion, but whether informally or in banc, it is difficult to tell from the report. This ruling is also mentioned in *Buller's Nisi Prius* 282, as *per Treby, C. J.* But the case of *Scorell* v. *Boxall,* 1 *Younge & Jervis* 395, is directly to the contrary, and in it Hullock, B., regards the report in Lord Raymond as a dictum merely and not as an authority. That report is undoubtedly the foundation of all the American cases to the same effect, but it is not considered as the settled law in England. The case of Scorell *v.* Boxall was this : The plaintiff had purchased, by parol, underwood standing, to be cut by him, and brought his action against the defendants for cutting and carrying it away. The Court of Exchequer held that the plaintiff's contract was a mere parol contract for the sale of growing underwood, a part of the freehold, and in direct violation of the statute of frauds—that it was the sale of an interest in land. See also the case of *Teal* v. *Auty,* 2 *B. & B.* 99, to the same effect as to the purchase of growing poles.

As already indicated, trees may become personalty when

actually served, or when the property in claim has become distinct from the freehold by written transfer. There may also be valid parol contracts with the owner of the soil, with reference to their sale and delivery as chattels in contemplation of severance, where no interest in the trees standing is intended by the bargain, the same as contracts for the sale of lumber to be cut, sawed and delivered as such; but when the contract comprehends an interest in the trees standing, with a right in the vendee to sever them, the subject matter is then an interest in land within the statute of frauds. Such was clearly the character of the contract between these parties, as the deed shows an intention to convey, and does convey, an interest in the wood and timber standing, when a part of the freehold, in the hands of the vendor. The deed secures to Seymour an actual property in the trees as a part of the land, and not merely a right of action under a contract of purchase of personal property.

The bargain having been consummated in this case by the delivery and acceptance of a deed of conveyance, the doctrine of *caveat emptor* must apply in the absence of fraud, unless the purchaser has protected himself by a covenant of warranty of title in the deed. *Phillips* v. *City of Hoboken*, 2 *Vroom* 143; 4 *Kent* 471, *(note)*.

In this deed there is no such covenant, and the law will not imply one. For these reasons the action was not maintainable, and the judgment must be reversed.